IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONICA REYES, individually,
and as guardian and next friend,
Jane Doe, a minor child,

        Plaintiffs,

  vs.                      No. 2:19-cv-00601-KG-KRS

FRANK RAMOS ARIAS, and
SILVER CITY CONSOLIDATED SCHOOLS

        Defendants.

## ORDER GRANTED TO FILE AMENDED COMPLAINT

UPON THE APPLICATION of Plaintiff, Monica Reyes, individually and as Guardian and Next Friend of Jane Doe, a minor, to file a First Amended Complaint, and having reviewed the pleadings and further, for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff is granted leave to file a First Amended Complaint, a copy of which is annexed hereto as Exhibit 1.

_____
UNITED STATES DISTRICT JUDGE


APPROVED WITH OR WITHOUT EXCEPTIONS

DUHIGG, CRONIN, SPRING & BERLIN, P.A.

*Approved electronically*
David M. Berlin, Esq.
*Attorney for Plaintiff*
P.O. Box 527
Albuquerque, NM 87103
(505) 243-3751
dmberl@duhigglaw.com

1

HOLT MYNATT MARTINEZ, P.C.

*Approved by Response filed 09/13/19*
Blaine Mynatt, Esq.
*Attorney for Frank Ramos Arias*
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812
bmt@hmm-law.com

WALZ AND ASSOCIATES, P.C.

*Approved telephonically*
Jerry A. Walz, Esq.
*Attorney for Silver City Consolidated Schools*
133 Eubank Blvd NE
Albuquerque, NM 87123
 (505) 275-1800
jerryawalz@walzandassociates.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONICA REYES, individually,
and as guardian and next friend,
Jane Doe, a minor child,

        Plaintiffs,

vs.                        No. 2:19-cv-00601-KG-KRS

FRANK RAMOS ARIAS, JASON PING, and
SILVER CITY CONSOLIDATED SCHOOLS

        Defendants.

**FIRST AMENDED COMPLAINT**

COMES NOW PLAINTIFF, Monica Reyes, individually, and as guardian and next friend, Jane Doe, a minor child, by and through their attorneys of, Duhigg, Cronin, Spring & Berlin, P.A. (David M. Berlin), and hereby complains of the Defendants Frank Ramos Arias and Silver City Consolidated Schools, as follows:

**INTRODUCTION**

1. At all times hereinafter mentioned, Plaintiff Monica Reyes is the lawful guardian and parent of Jane Doe, a minor and was eleven years old at the time of the events giving rise to this lawsuit.

2. Upon information and belief, and at all times hereinafter mentioned, Defendant Silver City Consolidated Schools is a public school district located in Silver City, New Mexico, and as such, is a governmental entity.

3. Upon information and belief, Defendant Silver City Consolidated Schools owned and operated an elementary school known as G.W. Stout Elementary School.

4. At all times hereinafter mentioned and upon information and belief, Jason Ping (Ping) was the Principal at G.W. Stout Elementary and was an employee of Defendant Silver City Consolidated Schools.

**EXHIBIT 1**

5. Defendant Ping was, at all times hereinafter relevant, responsible for the maintenance and operation of G.W. Stout Elementary School, including taking reasonable and appropriate steps to ensure that students were safe from employees who may engage in sexual predatation or inappropriate sexual behavior towards minor children.

6. On or about October 27, 2017, Defendant Silver City Consolidated Schools employed an individual by the name of Frank Ramos Arias (Arias) as a teacher who taught a fifth grade class at G. W. Stout Elementary. Arias is a Defendant in this civil action.

7. Defendant Arias, while in the course and scope of his employment with Defendant Silver City Consolidated Schools, had, prior to October 27, 2017, engaged in inappropriate conduct including, but not limited to the following:

    a. dropping pencils on the floor and asking female students to pick them up while holding his cell phone;

    b. making female students feel uncomfortable;

    c. refusing female students to use the restroom;

    d. taking photographs of female students under their desks.

8. Upon information and belief, Defendant Silver City Consolidated Schools and Defendant Ping knew or should have known of Defendant Arias' inappropriate and wrongful behavior.

9. Upon information and belief, Defendants Ping and Silver City Consolidated Schools failed to take appropriate steps to investigate whether Defendant Arias was engaging in inappropriate conduct with female students and to stop such conduct, and further, to protect the health, safety and welfare of the students, and specifically female students, at G.W. Stout Elementary School.

10. On or about October 27, 2017, Defendant Arias photographed Jane Doe in a compromising position under her desk for his own sexual pleasure.

11. On December 3, 2018, Defendant Arias plead guilty for one count of voyeurism, a 4th degree felony under New Mexico law.

12. Upon information and belief, Defendant Silver City Consolidated Schools knew or should have known of Defendant's Arias propensities but hired him, nonetheless.

13. Jane Doe suffered emotional harm and required therapy as a result of the conduct of Defendants Silver City Consolidated Schools and Arias.

14. This Court has jurisdiction over the subject matter and parties to this action.

## FIRST CAUSE OF ACTION
### (Claims against Defendants Pursuant to 42 U.S.C. § 1983)

15. Plaintiff repeats and realleges each and every allegation set forth in the Introduction, as if provided herein, in full.

16. At all times hereinafter relevant, there existed a Federal Statute known as 42 USC § 1983 which permits a party to bring an action against a governmental entity when such entity deprived that party of his or her civil rights.

17. Defendant Arias intentionally committed a felonious act against Jane Doe so as to cause her serious person harm and injury thereby, depriving her of her civil rights, in violation of 42 U.S.C. § 1983.

18. Defendant Arias was acting under color of state law when he perpetrated his crime against Jane Doe, and was acting within the course and scope of his employment as a teacher of Defendant Silver City Consolidated Schools at all times, hereinafter, relevant. Defendant Arias was acting in his official capacity as a teacher employed by Defendant Silver City Consolidated Schools at all times relevant to this action.

19. Defendant Arias willfully, intentionally and knowingly violated Jane Doe's civil rights and, as such, is liable to Plaintiff for damages pursuant to 42 U.S.C. § 1983, as similar conduct by others has, in the past, been deemed illegal, criminal and a violation of one's civil rights.

20. As a result of Defendants' wrongful conduct, Plaintiff's child, Jane Doe, suffered serious personal harm, suffering, mental anguish, embarrassment and humiliation and further, required therapy, thereby, incurring medical expenses, all of which are expected to continue in the future, to her detriment.

21. Defendant Arias acted with deliberate indifference towards Jane Doe and with utter disregard for her safety, wellbeing, and health and was found criminally liable for doing so. Defendant Arias' conduct constituted callous disregard for Jane Doe's constitutional rights, safety and well being.

22. Defendant Silver City Consolidated Schools and Defendant Ping's failure to protect Jane Doe in a reasonable fashion, despite having actual or constructive notice of previous acts and predilections, acted with deliberate indifference towards the rights of Jane Doe and with callous disregard for Jane Doe's constitutional rights, health, safety and wellbeing.

23. Defendant Silver City Consolidated Schools and Defendant Ping owed Jane Doe a duty to protect her from conduct such as that of Defendant Arias and further, owed her a duty to take action upon receiving notice, whether actual or constructive, that Defendant Arias was a potential threat to students. In failing to do so, Defendant Silver City Consolidated Schools and Defendant Ping violated Jane Doe's constitutional rights.

24. Defendant Silver City Consolidated Schools and Defendant Ping violated Jane Doe's constitutional rights pursuant to 42 U.S.C. § 1983 and are, therefore, liable to plaintiff for all such damages permissible by law.

25. Plaintiff is entitled to an award of punitive damages and attorneys fees against each Defendant.

WHEREFORE, Plaintiff Monica Reyes, as Guardian and Next Friend of Jane Doe, a minor, hereby demands judgment against Defendants for compensatory damages, punitive damages and attorneys fees and costs and further, such other relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
### (Liability of Defendants Pursuant to the New Mexico Tort Claims Act)

26. Plaintiff repeats and realleges each and every allegation set forth above, as if provided, herein, in full.

27. Defendant Silver City Consolidated Schools is a public entity within the meaning of the New Mexico Tort Claims Act, § 41-4-1 et seq. NMSA (1978).

28. Defendant Silver City Consolidated Schools operated G.W. Stout Elementary School at all times, hereinafter, relevant to this lawsuit.

29. Allowing Defendant Arias to teach at G.W. Stout Elementary School created an unreasonably unsafe condition within the school for members of the public, and specifically, for students within the school.

30. Having had notice, whether actual or constructive, that Defendant Arias was a threat to young children at G.W. Stout Elementary School, and particularly to young female students, and by allowing Defendant Arias to continue to teach at that school, Defendants placed members of the public, and in particular, female students within the school, at an unreasonable risk for injury and harm. This constituted the negligent operation of a public building.

31. Immunity under the New Mexico Tort Claims Act has been waived pursuant to § 41-4-6 NMSA (1978), in that by allowing Defendant Arias to remain a teacher despite having notice of his wrongful conduct, Defendants acts and omissions constituted the negligent operation of the school building.

32. Employing Defendant Arias as a teacher at G. W. Stout Elementary School constituted the negligent operation of such facility. Therefore, immunity from liability is waived pursuant to § 41-4-6 NMSA (1978).

33. Defendant Ping was responsible for the operation of G.W. Stout Elementary School.

34. Defendants Silver City Consolidated Schools, Ping and Arias are liable for all harm suffered by Jane Doe including, pain, suffering, embarrassment, mental anguish, medical expenses and the need for therapy. These damages are expected to continue in the future and shall be determined by the trial court.

WHEREFORE, Plaintiff demands judgment against Defendants Silver City Consolidated School, Ping and Arias for compensatory damages, costs of suit, interest from the date of injury and such other release as the Court deems appropriate.

**THIRD CAUSE OF ACTION**
**(Claims Against Defendant Arias for Outrageous Behavior and Conduct)**

35. Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs as if provided herein, in full.

36. Defendant Arias' conduct with regard Jane Doe constituted the intentional infliction of emotional pain and distress, a viable Cause of Action in the State of New Mexico.

37. The conduct of Defendant Arias was also extreme and outrageous under the circumstances. Defendant Arias acted intentionally and with reckless disregard for the safety and wellbeing of his student, Jane Doe.

38. The conduct of Defendant Arias, which included taking voyeuristic photographs of Jane Doe for his sexual pleasure, went far beyond the bounds of common decency, thereby, constituting atrocious and intolerable conduct to the ordinary person.

39. Defendant Arias knew or should have known that his conduct would cause harm to Jane Doe's mother, the Plaintiff, herein.

40. The emotional distress suffered by Jane Doe and her mother, Plaintiff herein, and Jane Doe, was severe, as it was of such intensity and duration that no ordinary person should be expected to tolerate it.

41. Defendant Arias is liable for all such damages suffered by Plaintiff Individually and as Guardian and Next Friend of Jane Doe and Jane Doe including compensatory damages arising out of the pain, suffering, mental anguish, personal injury and Jane Doe's need for treatment and medical expenses, all of which are expected to continue in the future, as well as, for punitive damages in an amount sufficient to punish such conduct and deter others from engaging in such activities, while remaining within Constitutional bounds.

WHEREFORE, Plaintiff demands judgment against Defendant Frank Ramos Arias for compensatory damages, punitive damages, costs of suit, interest from the date of injury and such other release as the Court deems appropriate.

## FOURTH CAUSE OF ACTION
**(Negligent Hiring, Retention and Supervision of Defendant Arias Constituting Negligent Operation of a Public FacilityPursuant to § 41-4-6 NMSA (1978))**

42. Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs as if provided herein, in full.

43. At all times herein after mentioned, Defendant Arias was acting in the course and scope of his employment with Defendant Silver City Consolidated Schools.

44. Defendant Silver City Consolidated Schools and Defendant Ping knew or should have known that Defendant Arias was engaging in improper, unlawful and inappropriate conduct by photographing and/or video recording his students private areas and undergarments. Consent for such conduct could not be given by minor children.

45. Defendant Silver City Consolidated Schools and Defendant Ping committed a breach of its duties owed to plaintiff by negligently hiring, failing to investigate, failing to properly monitor and/or supervise Defendant Arias in a timely fashion.

46. Defendant Silver City Consolidated Schools and Defendant Ping failed to timely stop Defendant Arias' conduct before harm could be caused.

47. By allowing Defendant Arias to remain a teacher at G.W. Stout Elementary School and to allow him to engage in such conduct on a continual basis, Defendant Silver City Consolidated Schools and Defendant Ping created an unreasonably unsafe condition within the school to members of the public and, specifically, students at the school.

48. Defendant Silver City Consolidated Schools and Defendant Ping's conduct constituted the negligenct operation of the G.W. Stout Elementary School, a public entity and, therefore, waiver of immunity is applicable under § 41-4-6 NMSA (1978).

49. As a result of the negligent operation of a public entity by the Defendants, plaintiff's minor child, Jane Doe, was caused to suffer severe emotional anguish, psychological distress, fear, anxiety, indignity, humiliation, shame and embarrassment, and further, has been caused to undergo psychological counseling. Upon information and belief, these damages shall continue in the future to Jane Doe's detriment.

WHEREFORE, plaintiff demands judgment against Defendants for damages, including compensatory damages, costs of suit and such other relief as the Court deems appropriate.

### FIFTH CAUSE OF ACTION
### (Damages for Violation of § 22-10A-18 NMSA (1978))

50. Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs as if provided herein, in full.

51. At all times herein after relevant, there existed a statute, namely § 22-10A-18 NMSA (1978) which set forth the duties of a school principal.

52. § 22-10A-18(D) NMSA (1978) requires that a school principal take disciplinary action against school employees who act in a manner inconsistent with applicable standards.

53. When Defendant Ping failed to take appropriate action against Defendant Arias for his wrongful conduct as set forth in previous paragraphs, Defendant Ping violated § 22-10A-18(D) NMSA (1978).

54. As a result of Defendant Ping's failure to take action pursuant to § 22-10A-18(D) NMSA (1978) in a timely fashion, Jane Doe suffered severe emotional anguish, psychological distress, fear, anxiety, indignity, humiliation, shame and embarrassment, and further, has been caused to undergo psychological counseling.

55. Defendant Ping is liable to plaintiff as a result of the harm suffered by her daughter caused by the violation of § 22-10A-18(D) NMSA (1978) on the part of Defendant Ping.

WHEREFORE, plaintiff demands judgment against Defendant Ping for damages, including compensatory damages, costs of suit and such other relief as the Court deems appropriate.

### SIXTH CAUSE OF ACTION
### (Intention Affliction of Emotional Distress)

56. Plaintiff repeats and realleges each and every allegation set forth in the above paragraphs as if provided herein, in full.

57. Defendant Arias' conduct described above was malicious, abusive and intentional and reckless. Furthermore, such conduct was extreme, outrageous and unreasonable, particularly because it occured in the course and scope of his employment with Defendant Silver City Consolidated Schools.

58. As a result of Defendant Arias' conduct, plaintiff and Jane Doe suffered severe emotional anguish, psychological distress, fear, anxiety, indignity, humiliation, shame and embarrassment, and further, has been caused to undergo psychological counseling, all such damages to be determined by the trial court.

59. Defendant's conduct was willful, wanton and in utter disregard for Jane Doe's wellbeing, thereby entitling plaintiff to an award of punitive damages.

WHEREFORE, plaintiff demands judgment against Defendants for damages, including compensatory damages, punitive damages, costs of suit and such other relief as the Court deems appropriate.

Respectfully submitted,

By: /s/ David M. Berlin
David M. Berlin
Duhigg, Cronin, Spring & Berlin
Attorneys for Plaintiff
P. O. Box 527
Albuquerque, NM 87103-0527
Telephone: (505) 243-3751
dmberl@duhigglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the_____ day of September, 2019, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel registered to receive electronic service to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ David M. Berlin
David M. Berlin