IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONICA REYES, Individually and
as Guardian and Next Friend of
Jane Doe, a Minor Child,

Plaintiff,

vs. Civ. No. 19-601 KG/KRS

FRANK RAMOS ARIAS, JASON PING,
and SILVER CITY CONSOLIDATED SCHOOLS,

Defendants.

ORDER DENYING MOTION TO INTERVENE

This matter comes before the Court on Isaiah Maldonado's and Tonya Maldonado's Motion to Intervene, filed August 5, 2019. (Doc. 12). Defendants Frank Arias and Silver City Consolidated Schools filed responses to the Motion on August 19, 2019, and August 23, 2019, respectively. (Docs. 20 and 23). Isaiah Maldonado and Tonya Maldonado filed a reply to the Motion on September 10, 2019. (Doc. 27). Having considered the Motion and the accompanying briefing, the Court denies the Motion to Intervene.

*I. Background*

On May 5, 2019, Plaintiff filed a complaint in state court asserting three claims on behalf of herself and her child: violation of 42 U.S.C. § 1983; violation of the New Mexico Tort Claims Act; and "Outrageous Behavior and Conduct." (Doc. 1-1). Plaintiff claims Defendant Arias, a teacher at an elementary school in Silver City, improperly photographed the child on October 27, 2017. *Id.* at 2. Defendants removed the case to this Court on June 28, 2019. (Doc. 1).

On August 6, 2019, the Honorable Kevin R. Sweazea, the assigned magistrate judge, held a scheduling conference and entered a scheduling order. (Doc. 18). On September 20, 2019,

Plaintiff filed an Amended Complaint, adding Jason Ping, principal at the elementary school, as a defendant. (Doc. 32). Plaintiff also added three claims: (1) negligent hiring, retention and supervision; (2) damages for failing to take disciplinary action against a school employee; and (3) intentional infliction of emotional distress. *Id.* at 7-10. Also on September 20, 2019, the Court granted Plaintiff's Motion to Appoint Guardian Ad Litem, and appointed attorney Nicole Charlebois to act as guardian *ad litem* to advise the Court as to the merits of any settlement entered into on behalf of the child. (Doc. 31). A settlement conference is set in this case for February 3, 2020. (Doc. 54).

Isaiah Maldonado and Tonya Maldonado (the Intervenors) ask the Court to allow them to intervene in this action under Fed. R. Civ. P. 24(b). (Doc. 12) at 2. Isaiah Maldonado brings claims individually and on behalf of Jane Doe One, and Tonya Maldonado brings claims individually and on behalf of Jane Doe Two. *Id.* at 4-5. The Intervenors claim that on October 27, 2017, Defendant Arias also took inappropriate photographs of Jane Does One and Two. *Id.* at 2.

Defendants Arias and Silver City Consolidated Schools claim they would be prejudiced if the Court allows intervention in this case. Specifically, they argue that because Defendant Arias was only charged with a single count of voyeurism, allowing intervention "would create substantial confusion as to [which] actions, if any, were directed at any one of the minor plaintiffs," and "would result in unfair prejudice … as a jury could very easily conflate the claims." (Doc. 23) at 2; (Doc. 20) at 3. Defendants further argue there will be unique evidence, defenses, and damages as to each of the minor's claims. *Id.* In reply, the Intervenors contend that their claims and damages are "essentially identical" to Plaintiff's claims and that intervention would avoid duplicative discovery. (Doc. 27) at 2-4.

## *II. Standard of Review*

"Intervention," when used in the legal sense, is "[t]he entry into a lawsuit by a third party who, despite not being named a party to the action, has a personal stake in the outcome." *Black's Law Dictionary* (11th ed. 2019). There are two types of intervention: (1) as of right, and (2) permissive. Rule 24(a) governs intervention as of right and provides that courts must permit anyone to intervene who claims an interest in the property or transaction that is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(1)-(2). Permissive intervention is governed by Rule 24(b) and provides that on a timely motion a court may permit intervention if a potential intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Rule 24(b)(3) also requires the court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." The Tenth Circuit has held that "permissive intervention is a matter within the sound discretion of the district court," and will not be disturbed "except upon a showing of clear abuse." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (quoting *Shump v. Balka*, 574 F.2d 1341, 1345 (10th Cir. 1978)).

## *III. Discussion*

The Motion to Intervene is timely as the Intervenors filed it within three months of Plaintiff filing the original complaint and prior to entry of a scheduling order. *See, e.g., Romero v. Bradford*, 2009 WL 10708255, *5 (D.N.M.) (finding motion to intervene timely where it was filed within three months of removal of state-court action). The Intervenors' claims also have questions of law and fact in common with Plaintiff's claims as they stem from the same incident and involve the same parties. However, the Intervenors' proposed complaint adds the claim of "Intrusion Upon the Plaintiff's Seclusion-Invasion of Privacy," triples the number of plaintiffs in

this case, and would require appointing two more guardians *ad litem* for the children. (Doc. 12) at 6-7. As a result, allowing intervention would add factual and legal issues that were not asserted by Plaintiff, would require additional discovery by the original parties, and could delay the case's resolution. The Tenth Circuit has held that in considering whether to grant permissive intervention courts are "entitled to consider the potential for burdensome or duplicative discovery in its analysis." *Tri-State Generation and Transmission Ass'n, Inc. v. N.M. Pub. Regulation Comm'n*, 787 F.3d 1068, 1075 (10th Cir. 2015) (affirming denial of intervention where it would burden existing parties with discovery).

In addition, because Defendant Arias was charged with only one count of voyeurism, the Intervenors' claims are at odds with Plaintiff's claims. The Tenth Circuit has explained that it is proper for a court to deny intervention where the intervenor asserts additional issues that complicate the case and are not necessary to resolve the existing parties' claims. *See City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (affirming denial of intervention because intervenor asserted additional issues); *Arney v. Finney*, 967 F.2d 418, 421-22 (10th Cir. 1992) (affirming denial of motion to intervene as additional class representative because "intervention would only clutter the action unnecessarily" and "would not aid the class"); 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.10(2)(b) (3d ed. 2019) ("In deciding on a motion for permissive intervention, a court will consider whether the movant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues or, alternatively, is likely to be counterproductive.").

The Court finds instructive the court's reasoning in *Romero*, where the plaintiff sued his former teacher alleging she violated his civil rights while acting within the scope of her

employment with Albuquerque Public Schools (APS). 2009 WL 10708255, *2. APS moved to intervene on the grounds that it would be liable for any judgment against the teacher if she was found to have been acting in the scope of her duty as a school employee. The court granted the motion to intervene, reasoning that "the question of the capacity in which [the teacher] was acting when she allegedly engaged in the conduct at issue is at the heart of both [the plaintiff's] Complaint and APS's Complaint in Intervention." *Id.* at *7. In contrast, the Silver City school district is already a part of this case. Moreover, resolving the question of whether Defendants violated the Intervenors' rights is not dependent upon or "at the heart of" Plaintiff's claims since each party's claim involves evidence, defenses, and damages unique to that claim.

Allowing intervention in this case alters the existing parties' claims and defenses, which would increase the amount of discovery and could delay resolution of the case. While the Intervenors' claims have questions of law and fact in common with Plaintiff's claims, the additional plaintiffs complicate the proceedings and raise issues that are not necessary to resolve the original claims. In addition, the Court notes that the Intervenors are free to file their claims in a separate action. *See Womble v. Harvanek*, 2018 WL 4562916, *2-3 (E.D. Okla.) (denying motion to intervene, even though proposed claims shared common questions with original claims, because intervenors could pursue claims through individual complaints); *United States v. City of Albuquerque*, 2015 WL 13747189, *5 (D.N.M.) ("Given the potential for serious delay and the availability of other remedies for the Proposed Intervenors, the Court considers the undue prejudice and delay determinative."); Moore et al., *supra*, § 24.10(2)(d) ("[I]f a court finds there is another remedy available to the movant to protect its rights, the court likely will deny intervention, especially if such intervention will result in delay in the existing action."). For

these reasons, the Court concludes that intervention is not appropriate because it would unduly delay and prejudice adjudication of the existing claims.

IT IS ORDERED that Isaiah Maldonado's and Tonya Maldonado's Motion to Intervene (Doc. 12) is denied.

UNITED STATES DISTRICT JUDGE